The People of the State of New York, Appellant, v. David L. Williams, Respondent.

Constitutional Law — Employment of Women in Factories — Section 77 of Labor Law (L. 1903, Ch. 184, § 2) Unconstitutional

An adult woman is in no sense a ward of the state, and is not to be made the special object of the exercise of the paternal power thereof. She has the same rights as a man, and is entitled to enjoy, unmolested, her liberty of person and her freedom to work for whom she pleases, where she pleases and as long as she pleases, within the general limits operative on all persons alike. The provision of section 77 of the Labor Law, in so far as it prohibits the employment of an adult female in a factory before six o'clock in the morning or after nine o'clock in the evening, is, therefore, unconstitutional, as it violates the constitutional provisions guaranteeing to every citizen the right to pursue any lawful employment in a lawful manner, and is discriminative against female citizens in denying to them equal rights with men with respect to liberty of person, or of contract. It cannot be upheld as a proper exercise of the police power, having for its purpose the preservation of the health of female citizens, since it arbitrarily takes away the right of a woman to labor in a factory during the prohibited hours without any reference to the number of hours of such labor, or the healthfulness of the employment.

*People* v. *Williams*, 116 App. Div. 379, affirmed.

(Argued June 6, 1907; decided June 14, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 7, 1906, which affirmed an order of the Court of Special Sessions of the city of New York granting a motion in arrest of a judgment convicting the defendant of a violation of section 384l of the Penal Code and directing his discharge.

The facts, so far as material, are stated in the opinion.

*William S. Jackson,* Attorney-General (*Timothy I. Dillon* of counsel), for appellant. · The statute, for the violation of which the defendant was convicted, is a valid exercise of the police power of the state. (*People* v. *Ewer,* 141 N. Y. 129; *People* v. *Havnor,* 149 N. Y. 195; *Health Dept.* v. *Rector,* 145 N. Y. 32; *Commonwealth* v. *H. M. Co.,* 120 Mass. 383; *State* v. *Buchanan,* 29 Wash. 602; *People ex rel. Nechamcus* v. *Warden,* 144 N. Y. 529; *People* v. *Hesterberg,* 184 N. Y. 126; *People* v. *Bootman,* 180 N. Y. 1; *Holden* v. *Hardy,* 169 U. S. 366; *C., B. & Q. R. Co.* v. *Drainage,* 200 U. S. 562.) The statute does not deny the equal protection of the laws. (*Barber* v. *Connolly,* 113 U. S. 27; *Missouri* v. *Lewis,* 101 U. S. 22; *Soon Hing* v. *Crowley,* 113 U. S. 703; *Connolly* v. *U. S. Pipe Co.,* 184 U. S. 540.)

*Henry B. Corey* for respondent. The statute abridges the privileges of citizens of the United States. (*Butcher's Co.* v. *Crescent Co.,* 111 U. S. 746; *Allgeyer* v. *Louisiana,* 165 U. S. 589; *Lawton* v. *Steele,* 152 U. S. 133; *People* v. *Arensberg,* 103 N. Y. 399; *Health Department* v. *Rector, etc.,* 145 N. Y. 32; *United States* v. *Sweeney,* 95 Fed. Rep. 434.) The statute denies to women the equal protection of the laws. (*Low* v. *Rees Printing Co.,* 24 L. R. A. [Neb.] 701; *Missouri* v. *Loomis,* 115 Mo. 307; *Kansas* v. *Martindale,* 27 Pac. Rep. 852; *Ex parte Kubach,* 85 Cal. 274.) Under modern conditions the status of adult women and their rights and privileges in industrial occupations are identical with those of men. (Tiedeman on Police Power, § 86; *Ritchie* v. *People,* 155 Ill. 98.)

GRAY, J.   The defendant was arrested and convicted upon the charge of having violated the provisions of section 384l of the Penal Code.   This section makes it a misdemeanor on the part of any person not complying with the provisions of article 6 of the Labor Law relating to factories.   The provision of the Labor Law now in question is contained in section 77; which is entitled: "Hours of labor of minors and women" and reads that "No minor under the age of eighteen years, and no female shall be employed, permitted or suffered to work in any factory in this state before six o'clock in the morning, or after nine o'clock in the evening of any day; or for more than ten hours in any one day except to make a shorter work day on the last day of the week; or for more than sixty hours in any one week, or more hours in any one week than will make an average of ten hours per day for the whole number of days so worked."   (L. 1903, ch. 184, sec. 2.)   The information and the proof were that a female, named Katie Mead, over twenty-one years of age, was found by the factory inspector at work in a book binding establishment, in the city of New York, at twenty minutes after ten o'clock in the evening.   There was no complaint with respect to the character, or construction, of the building and the defendant's guilt was rested, solely, upon his failure to observe the provision of the statute against a female being at work after nine o'clock in the evening.   If the inhibition against employing a female in any factory after that hour was a valid act of legislation, then the defendant came within its operation and he was amenable to punishment.   After the defendant had been found guilty, the trial court granted his motion in arrest of judgment and discharged him; holding that the legislative enactment was unconstitutional.   The justices of the Appellate Division, in the first department, by a divided vote, have affirmed the order of the trial court.

In my judgment, the determination below was correct.   I think that the legislature, in preventing the employment of an adult woman in a factory, and in prohibiting her to work therein, before six o'clock in the morning, or after nine

o'clock in the evening, has overstepped the limits set by the Constitution of the state to the exercise of the power to interfere with the rights of citizens. The fundamental law of the state, as embodied in its Constitution, provides that " no person shall   *   *   *   be deprived of life, liberty or property without due process of law." (Art. 1, sec. 6.) The provisions of the State and of the Federal Constitutions protect every citizen in the right to pursue any lawful employment in a lawful manner. He enjoys the utmost freedom to follow his chosen pursuit and any arbitrary distinction against, or deprivation of, that freedom by the legislature is an invasion of the constitutional guaranty. Under our laws men and women now stand alike in their constitutional rights and there is no warrant for making any discrimination between them with respect to the liberty of person, or of contract. It is claimed, however, in this case, that the enactment in question can be justified as an exercise of the police power of the state ; having for its purpose the general welfare of the state in a measure for the preservation of the health of the female citizens. It is to be observed that it is not a regulation of the number of hours of labor for working women ; the enactment goes far beyond this. It attempts to take away the right of a woman to labor before six o'clock in the morning, or after nine o'clock in the evening, without any reference to other considerations. In providing that " no female shall be employed, permitted, or, suffered to work in any factory in this state before six o'clock in the morning, or after nine o'clock in the evening of any day," she is ·prevented, however, willing, from engaging herself in a lawful employment during ‹ the specified periods of the twenty-four hours. Except as to women under twenty-one years of age, this was the first attempt on the part of the state to restrict their liberty of person, or their freedom of contract, in the pursuit of a vocation. I find nothing in the language of the section which suggests the purpose of promoting health, except as it might be inferred that for a woman to work during the forbidden hours of night would be unhealthful. If the inhi-

bition of the section in question had been framed to prevent the ten hours of work from being performed at night, or to prolong them beyond nine o'clock in the evening, it might, more readily, be appreciated that the health of women was the matter of legislative concern. That is not the effect, nor the sense, of the provision of the section with which, alone, we are dealing. It was not the case upon which this defendant was convicted. If this enactment is to be sustained, then an adult woman, although a citizen and entitled as such to all the rights of citizenship under our laws, may not be employed, nor contract to work, in any factory for any period of time, no matter how short, if it is within the prohibited hours; and this, too, without any regard to the healthfulness of the employment. It is clear, as it seems to me, that this legislation cannot, and should not, be upheld as a proper exercise of the police power. It is, certainly, discriminative against female citizens, in denying to them equal rights with men in the same pursuit. The courts have gone very far in upholding legislative enactments, framed clearly for the welfare, comfort and health of the community, and that a wide range in the exercise of the police power of the state should be conceded, I do not deny; but, when it is sought under the guise of a labor law, arbitrarily, as here, to prevent an adult female citizen from working at any time of the day that suits her, I think it is time to call a halt. It arbitrarily deprives citizens of their right to contract with each other. The tendency of legislatures, in the form of regulatory measures, to interfere with the lawful pursuits of citizens is becoming a marked one in this country, and it behooves the courts, firmly and fearlessly, to interpose the barriers of their judgments, when invoked to protect against legislative acts, plainly, transcending the powers conferred by the Constitution upon the legislative body.

In this section of the Labor Law, it will be observed that women are classed with minors under the age of eighteen years; for which there is no reason. The right of the state, as *parens patriæ*, to restrict, or to regulate, the labor and employment of children is unquestionable; but an adult female is not to be

regarded as a ward of the state, or in any other light than the man is regarded, when the question relates to the business pursuit or calling. She is no more a ward of the state than is the man. She is entitled to enjoy, unmolested, her liberty of person, and her freedom to work for whom she pleases, where she pleases and as long as she pleases, within the general limits operative on all persons alike, and shall we say that this is valid legislation, which closes the doors of a factory to her before and after certain hours? I think not. Without extended reference to the cases bearing upon the much discussed subject of the exercise of the police power, I need only refer to the recent case of *Lochner* v. *State of New York,* (198 U. S. 45); where the Supreme Court of the United States had before it a case arising in this state under a provision of the Labor Law, which restricted the hours of labor for the employés of bakers. The argument there was, and it had prevailed in this court, that the legislation was valid as a health law under the police power; but the Federal Supreme Court refused to recognize the force of the argument and held, if such legislation could be justified, that constitutional protection against interference with the liberty of person and the freedom of contract was a visionary thing. It was held that bakers' "are in no sense wards of the State. Viewed in the light of a pure labor law, with no reference whatever to the question of health, * * * the law * * * involves neither the safety, the morals nor the welfare of the public, and the interest of the public is not in the slightest degree affected by such an act." It was, also, observed that "there must be more than the mere fact of the possible existence of some small amount of unhealthiness to warrant legislative interference with liberty."

So I think, in this case, that we should say, as an adult female is in no sense a ward of the state, that she is not to be made the special object of the exercise of the paternal power of the state and that the restriction, here imposed upon her privilege to labor, violates the constitutional guarantees. In the gradual course of legislation upon the rights of a woman,

in this state, she has come to possess all of the responsibilities of the man and she is entitled to be placed upon an equality of rights with the man.

It might be observed that working in a factory in the night hours is not the only situation of menace to the working woman ; but such occupation is, arbitrarily, debarred her.

For these reasons, I advise that the order appealed from should be affirmed.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order affirmed.