Armour & Company v. Industrial Board of Illinois, 197 Ill. App. 363.

---

## Armour & Company, Appellant, v. Industrial Board of Illinois, W. V. Conley, Secretary, and J. B. Vaughan, Peter J. Angsten and Robert Eadie, Members, Appellees.

### Gen. No. 21,310.

1. WORKMEN'S COMPENSATION ACT, § 1*—*when warehouse extrahazardous enterprise.* A warehouse used by an employer for the storing and vending of its commodities which contains an electric elevator and is located in a city which regulates by ordinance the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

use and operation of elevators, is an extra-hazardous enterprise within the meaning of Laws 1913, sec. 3.

2.  Workmen's Compensation Act, § 1—*when liberally construed.* The Workmen's Compensation Act of 1913, though in derogation of common law is beneficent and therefore, to be liberally construed to carry out its objects.

3.  Workmen's Compensation Act, § 1*—*when provision abrogating common-law defenses valid.* The provision of the Workmen's Compensation Act of 1913 abrogating the three common-law defenses is valid.

Appeal from the Circuit Court of Cook county; the Hon. Charles H. Bowles, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 3, 1916.

A. R. Urion and W. C. Kirk, for appellant.

Acton & Acton, for appellees.

Mr. Justice Holdom delivered the opinion of the court.

This appeal brings before us for review the action of the Circuit Court in quashing a writ of certiorari sued out by appellant against appellees and dismissing its petition.

This litigation arises under the Workmen's Compensation Act.

The proceeding before the Industrial Board discloses that one Grover C. Richardson was employed by appellant as a general laborer in a warehouse building of appellant in the City of Danville in this State, the warehouse being used for the storing and vending of the commodities of appellant. In that building was an electric elevator, about which Richardson worked and at times operated. On October 27, 1913, while Richardson was operating the elevator, he was caught between the elevator platform and the second floor of the building, and killed.

An appropriate proceeding was commenced before the Industrial Board to recover from appellant com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pensation for the accidental death of Richardson in pursuance of the provisions of the Workmen's Compensation Act. This proceeding resulted in the Industrial Board awarding the sum of $2,912, payable at the rate of $7 per week for 416 successive weeks. In making the award the Board made a finding to the effect that because of the operation of the elevator and the ordinance of the City of Danville imposing regulations with reference to the guarding and using or placing of machinery and appliances for the protection of appellant's employees and the public, appellant was brought under the provisions of the Workmen's Compensation Law as a "hazardous employer of labor," and further found that appellant had not expressly rejected the statute.

The facts were stipulated. Among these facts are the following:

That deceased was killed in the course of his employment; that at that time deceased was paid as wages $14 per week; that Armour & Company were operating in Danville what is known as a distributing house, where meats are stored and distributed; that this building, in which Richardson was killed, consisted of a basement and three stories above ground; that in this building in connection with the business of appellant it operated and used a freight elevator; that such elevator was operated by electric power, controlled by ropes from any story of the building; that at and before the time of the accident there was in force in the City of Danville an ordinance regulating and safeguarding elevators in buildings of the height of the one in which deceased was killed.

The stipulation also admitted that appellant had not given any notice either of its election to come under the provisions of the act or rejection of its provisions. The Board found that because of the Danville ordinance regulating freight and passenger eleva-

366 Appellate Courts of Illinois.

Armour & Company v. Industrial Board of Illinois, 197 Ill. App. 363.

tors and the further fact that appellant had not given notice rejecting the Workmen's Compensation Act, it came under its provisions by operation of law, as a hazardous employer of labor, and the Board in its opinion says:

"The Board is of the opinion that the facts set up in the stipulation as above stated bring the respondent under the provisions of the act as a hazardous employer of labor. There can be no question but what the business of the respondent can be denominated as an enterprise, and that there was an ordinance of the City of Danville imposing regulations with reference to the guarding and using or placing of machinery and appliances for the protection of employees and the public. This being true, the respondent here is a hazardous employer of labor; and in order to escape liability for compensation to employees under the provisions of the Workmen's Compensation Act, must give the notice required for the rejection of the provisions of the act as a hazardous employer of labor; and not having given it, there can be no question but what they were and are now operating under the provisions of the act."

We are in accord with the Board's opinion as thus expressed.

Appellant, in its petition for a writ of certiorari to the Circuit Court, avers that it sued out a writ of certiorari to the Supreme Court to review the award of the Industrial Board, and that on October 9, 1914, the Supreme Court dismissed the petition for want of jurisdiction, holding that that portion of the Workmen's Compensation Law which sought to give the Supreme Court original jurisdiction in certiorari to review the decision of the Industrial Board was invalid as being in conflict with section 2, article VI, of the Constitution of Illinois, and holding that the Circuit Courts had jurisdiction to issue common-law writs of certiorari to said Industrial Board. This decision is authority for the Circuit Court's granting the certiorari prayed for in the petition.

The solution of the questions involved rests in the construction of those parts of the Workmen's Compensation Act applicable to the questions raised upon the petition for certiorari. Item 8 of section 3 of the Act of 1913 reads:

"In any enterprise in which statutory or municipal ordinance regulations are now or shall hereafter be imposed for the regulating, guarding, use or the placing of machinery or appliances, or for the protection and safeguarding of the employees or the public therein; each of which occupations, enterprises or businesses are hereby declared to be extra-hazardous."

Section 4 of the Act of 1910 (J. & A. ¶ 5389), regulates, among other things, the operation of elevators and requires certain safety appliances to be used in their operation, etc.

Section 2 of the Act of 1913 provides that every employer should be conclusively presumed to have filed notice of election as provided in section 1, paragraph a, and to have elected to provide and pay compensation according to the provisions of this act, unless and until notice in writing of his election to the contrary is filed with the Industrial Board, etc.

Paragraph b, of section 3, enumerates enterprises or businesses which are extra-hazardous within the meaning of the act. Among the enterprises or businesses enumerated by Item 4 of paragraph b, of section 3 as extra-hazardous is the operation of "any warehouse."

Section 631 of the general ordinance of the City of Danville, in force at and prior to the time of the death of deceased, is an ordinance regulating the use and operation of elevators in the City of Danville.

We do not agree with appellant's contention that the reference to the "operation of any warehouse" in the act must be construed to refer only to public warehouses. Warehouses of the character of appellant's come within the act. It is a warehouse, used as such, for the purposes of appellant's business, and we think

this holding is sustained by the decisions of the courts of this country and of England.

The warehouse of appellant in which Richardson met his death comes within section 8 above referred to, for we find that the warehouse is an enterprise regulated by both statutory and municipal ordinances. This vested the Industrial Board with jurisdiction, and therefore the judgment of the Circuit Court in its disposition of the writ of certiorari was without error.

Appellant, confessedly not having filed notice that it had elected not to be bound by the act, is within its terms and amenable to its provisions. Appellant argues, however, that the statute in controversy being in derogation of the common law, should be strictly construed. This is a well-recognized canon of construction, but it has its exceptions. When a legislative act is beneficent in its provisions and intended to provide a way of escape from the rigors of the common law, then such an act should receive in construction by the courts a sufficiently broad and liberal interpretation to cause it to so operate as to attain the beneficent object for which it was enacted, unless such an interpretation would violate some constitutional right.

The Legislature, by the Workmen's Compensation Act, adopted a new policy governing the relations between master and servant for the very purpose of enabling the servant to escape the barriers erected by the common law which prevent recovery of compensation in certain cases. The statute, *supra,* was passed to thereafter render abortive such defenses.

That the statute is in derogation of the common law is patent. That was the intention of the Legislature, and it offends no constitutional right, because there is no such thing as a vested right in the common law. Whatever of the common law is in force in this State exists in virtue of statutory provisions. By this statute the common-law doctrine of contributory negligence, assumed risk and fellow-servant is abolished.

These three common-law defenses are by the statute made unavailable. Appellant insists that depriving it of these defenses is an infringement of its right and contrary to law; but in *Deibeikis v. Link-Belt Co.*, 261 Ill. 454, 5 N. C. C. A. 401, and *Mondou v. New York, N. H. & H. R. Co.*, 223 U. S. 1, 1 N. C. C. A. 875, the right of the Legislature to deprive the employer of all common-law defenses is sanctioned and upheld. Unless the employer refuses to accept the terms of the act, he is, in the language of the statute, "conclusively presumed to have filed notice of election and to have elected to provide and pay compensation according to its provisions." This is the position of the appellant, and thereby his liability is fixed.

We therefore find that the Industrial Board had jurisdiction of the case of Richardson and that the Circuit Court did not err in quashing the writ of certiorari and in dismissing appellant's petition, and its judgment is therefore affirmed.

*Affirmed.*