296    APPELLATE COURTS OF ILLINOIS.

E. H. Titchener & Co. v. Industrial Board, 202 Ill. App. 296.

---

### E. H. Titchener & Company, Appellant, v. Industrial Board of the State of Illinois, Appellee.

### Gen. No. 21,868.

WORKMEN'S COMPENSATION ACT, § 7*—*what constitutes loss of sight of an eye.* Where the Industrial Board, upon an employer's petition for a review of a finding and award of the committee of arbitration for the loss of an eye, approved and affirmed the award and held that the evidence showed that the permanent effect of the injury was to leave the employee so that he was only able to distinguish light and objects moving before the eye, *held* that, though there was no evidence of a complete destruction of vision of the injured eye, yet, as the evidence tended to show that the use of the eye was permanently lost for all practicable purposes, there was evidence sufficient to bring the case within paragraph (e) of section 8 of the Workmen's Compensation Act [J. & A. ¶ 5475(8)], giving compensation for loss of the sight of an eye, and so within the jurisdiction of the board.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 19, 1916.

ZIMMERMAN & GARRETT, for appellant.

F. W. JAROS, for appellee Leo T. Beauregard.

MR. JUSTICE McGOORTY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This appeal brings before us for review the action of the Circuit Court in quashing a writ of certiorari sued out by appellant and dismissing its petition. The Committee of Arbitration, under the Workmen's Compensation Act of 1913 [J. & A. ¶ 5475(1) *et seq.*], awarded Leo T. Beauregard, one of appellant's employees, compensation for (a) fifteen weeks for temporary total incapacity, and additional compensation [for the loss of sight of an eye], (b) for a further period of one hundred weeks, of $5.50 per week, based on fifty per cent. of the earnings received by him at the time of his injury. On July 31, 1913, while in the course of his employment—he was wiring an automatic staple machine—a piece of wire flew from said machine, striking his right eye in such a manner as to destroy the crystalline lens, which became wholly absorbed. On November 10, 1913, Beauregard returned to the employ of the appellant, but because of said injury was unable to resume his work on said machine, and was assigned by appellant to work as a shipping clerk at the same wages as received by him before the accident.

The Industrial Board, upon appellant's petition for a review of the finding and award of the Committee of Arbitration, approved and confirmed same, and held as follows:

"There is but one question presented upon this record for decision.

"The evidence discloses that the applicant was injured in one of his eyes, and that as a result of such injury the permanent effect thereof is to leave him so he is able to only distinguish light, and objects moving before the eye.

"It is contended by the respondent that this amounts under the evidence to no more than a loss of eighty per cent. of the sight, while claimant insists that the permanent condition of his sight in the injured eye deprives him of the use of such eye for all useful and practical purposes.

298        APPELLATE COURTS OF ILLINOIS.

E. H. Titchener & Co. v. Industrial Board, 202 Ill. App. 296.

"It is the judgment of the Board that the contention of the applicant is correct, and that such injured eye is permanently impaired in its use for all practical purposes, and is, under the provision of the Workmen's Compensation Act, a total loss of such eye."

It is contended by appellant that there is no evidence tending to show the loss of the sight of the eye as contemplated by paragraph (e) of section 8 of Workmen's Compensation Act [J. & A. ¶ 5475(8)], which is in part as follows:

"For the loss of the sight of an eye, fifty per centum of the average weekly wage during one hundred weeks."

Paragraph (f) of section 19 of the Workmen's Compensation Act [J. & A. ¶ 5475(19)] makes the decision of the Industrial Board, if it acts within its powers, in the absence of fraud, conclusive upon the courts.

"The Circuit Court and the Supreme Court, in reviewing a proceeding of this kind, can only review questions of law. Whether legal evidence is offered to support the decision of the board, where such evidence is properly preserved for review here, is a question of law, but if there is competent or legal evidence to support the decision of the board, it is not within the province of the courts to pass upon its weight or sufficiency." *Parker-Washington Co. v. Industrial Board of Illinois,* 274 Ill. 498, 502, and cases therein cited.

While there is no evidence of a complete destruction of vision of the injured eye, yet as the evidence tends to show that the *usefulness of said eye is permanently lost for all practical purposes,* we think such evidence sufficient to bring the case within the provision of the statute giving compensation for loss of the sight of an eye and so within the jurisdiction of said board.

In *Armour & Co. v. Industrial Board of Illinois,* 197 Ill. App. 363, 368, this court in referring to this statute said:

"When a legislative act is beneficent in its provisions and intended to provide a way of escape from the rigors of the common law, then such act should receive in construction by the courts a sufficiently broad and liberal interpretation to cause it to so operate as to attain the beneficent object for which it was enacted, unless such an interpretation would violate some constitutional right."

We therefore hold that the Circuit Court did not err in quashing the writ of certiorari and in dismissing appellant's petition, and its judgment will be affirmed.

*Affirmed.*