ARMOUR & CO., Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed June 22, 1916.*

1. WORKMEN'S COMPENSATION—*verdict of the coroner's jury is admissible in a case under the Workmen's Compensation act.* The coroner's verdict at the inquest on the body of an employee is admissible in evidence in a proceeding under the Workmen's Compensation act, and is *prima facie* evidence tending to prove the cause of death and of the facts therein recited showing that the employee received his injury in the course of his employment.

2. SAME—*when a judgment must be affirmed.* A judgment of the circuit court approving an award of compensation by the Industrial Board must be affirmed by the Supreme Court, in the absence of errors of law, if there is any evidence fairly tending to show that the death of the employee resulted from injuries which arose out of and in the course of his employment.

3. SAME—*order of circuit court retaining jurisdiction is unnecessary but harmless.* An order of the circuit court retaining jurisdiction of a compensation case "for the purpose of enforcing" the judgment approving the award of the Industrial Board is unneces-

sary but harmless, as paragraph (g) of section 19 of the Workmen's Compensation act gives that court power at any time, upon application, to make its judgment conform to any modification required by any subsequent decision of the Supreme Court or any subsequent proceedings for review.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

ALFRED R. URION, CHARLES J. FAULKNER, JR., and WALTER C. KIRK, for plaintiff in error.

CHARLES W. LAMBORN, and EDWARD McTIERNAN, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error was sued out to review the judgment of the circuit court of Cook county which confirmed the finding and award of the Industrial Board of Illinois on the claim of Alice I. Fitzgerald, administratrix of the estate of Walter A. Fitzgerald, against the plaintiff in error, allowing her the sum of $3500 in weekly installments on account of the death of the decedent, who was her husband.

Walter A. Fitzgerald was employed by Armour & Co. as a teamster from December, 1912, until March, 1914. About seven o'clock in the morning of March 13, 1914, he started in apparent good health, with his team, from the plant of plaintiff in error at the Union Stock Yards, in Chicago, with a load for delivery down-town and with orders to bring back a load from the freight house of the Wabash Railroad Company. He returned to the plant with the load of freight about half-past five, complaining to his foreman that he was suffering, and the latter sent him in a buggy, with another employee, to the office of the physician of the plaintiff in error, who made a superficial examination. Fitzgerald was then suffering from pain in his back and flinched upon the application of pressure to the lumbar region. From the physician's office he was taken to

his home in the buggy. He ate no supper but went immediately to bed. He was sick at his stomach, had severe running off the bowels, was in pain all night and the next morning was spitting blood. His wife examined his body that morning and found two bruises,—one at the right shoulder blade and the other on the right side of the back, near the lower part of the spine. Both were black and yellow. He received no treatment, except that his wife rubbed his back with arnica, until the next day, which was Sunday, when a physician came, who found him suffering great pain in the right side of his chest, and on examination found two or three bruises,—one on his back and another on the right shoulder blade. They were abrasions, and were red but with no discoloration. There was another bruise near the spine on the right side,—a contusion which came from external means, which might have been a blow, a fall or other external violence. The deceased was in severe pain from breathing. The doctor treated him for a fracture of the rib and strapped the rib with adhesive straps, although afterward he found it was not broken. The doctor continued to visit him until his death, which occurred on Friday, March 20. On Tuesday he developed pneumonia. The doctor testified that the cause of his death was traumatic pneumonia, brought on by an external injury to the lung. After the deceased left the stock yards on Friday, March 13, he delivered his load and ate his lunch at about 1:30 o'clock with John Shugrue, another teamster, who testified that he ate a good, hearty dinner and his physical condition then seemed all right. After his lunch Fitzgerald went to the Wabash freight house, where he loaded his wagon with thirty-one cases of pork and beans in boxes weighing about ninety or one hundred pounds, and forty-eight ten-pound boxes. He was there about thirty minutes and then left, and the next seen of him, so far as the record shows, was when he arrived at the stock yards in the evening.

The burden rested upon the administratrix of showing that the decedent's death was caused by an accidental injury arising out of and in the course of his employment, and the plaintiff in error insists that there was no competent evidence showing such accident, and death as the result of it. There is no dispute as to the facts shown. They were stipulated for the most part, and the testimony of the witnesses as to those which were not stipulated was not contradicted in any way. No evidence was introduced by the plaintiff in error. We are authorized to examine the record for errors of law, only. If there was evidence fairly tending to show that the decedent received injuries resulting in his death, arising out of and in the course of his employment by the plaintiff in error, the judgment of the circuit court must be affirmed. While there may be a serious question whether the evidence which has been stated tends to show that the deceased received any injury arising out of his employment, resulting in his death, it is not necessary to discuss that question, because the verdict of a coroner's jury rendered upon an inquest upon the body of the deceased was introduced in evidence, which found that the deceased came to his death from traumatic pneumonia, and further stated: "We, the jury, are of the opinion that said traumatic pneumonia resulted from an injury received when he fell from an Armour & Co. wagon at the Wabash freight depot, located on Clark street between Polk and Taylor streets, on March 13, 1914, at about two o'clock P. M."

It is insisted by counsel for the plaintiff in error that a coroner's verdict is not competent evidence in cases under the Workmen's Compensation act, and, even if admissible, should not be allowed, under the circumstances of this case, to make out a *prima facie* case for the claimant. While in the view taken by the courts of many States the finding of a coroner or his jury is not admissible in evidence on the trial of an issue as to the cause of death it has been often

held otherwise by this court, and the rule must be regarded as settled, under our statute, that the inquest of the coroner and the verdict of the jury are competent evidence in an inquiry as to the cause of death. (*United States Life Ins. Co.* v. *Vocke,* 129 Ill. 557; *Pyle* v. *Pyle,* 158 id. 289; *Stollery* v. *Cicero and Proviso Street Railway Co.* 243 id. 290; *Grand Lodge I. O. M. A.* v. *Wieting,* 168 id. 408; *Foster* v. *Shepherd,* 258 id. 164; *Devine* v. *Brunswick-Balke Co.* 270 id. 504.) The cases cited include actions on contracts of life insurance, a suit to set aside a will and actions for damages arising from negligence. We see no distinction, in principle, between these cases and such as arise under the Workmen's Compensation act. While such verdict is not conclusive, yet it is regarded as *prima facie* evidence tending to prove the cause of death. The form of the verdict, that "we, the jury, are of opinion," etc., does not make the statement any the less a finding of the jury.

The circuit court, at the conclusion of its judgment, ordered "that this court retain jurisdiction for the purpose of enforcing this judgment and in accordance with the statute in such case made and provided." The plaintiff in error contends that the court had no power to retain jurisdiction after the term, for the purpose of enforcing the order and judgment. The Workmen's Compensation act, in paragraph (*g*) of section 19, provides that "the circuit court shall have power at any time, upon application, to make any such judgment conform to any modification required by any subsequent decision of the Supreme Court upon appeal, or as the result of any subsequent proceedings for review as provided in this act." The order was unnecessary and useless, but it was harmless.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*