THE PARKER-WASHINGTON COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed October 24, 1916.*

1. WORKMEN'S COMPENSATION—*when the decision of the Industrial Board is conclusive.* Paragraph (*f*) of section 19 of the Workmen's Compensation act makes the decision of the Industrial Board, when it acts within its powers, in the absence of fraud, conclusive upon the courts, and the circuit court and the Supreme Court can review only questions of law.

2. SAME—*what is a question of law as to evidence in proceeding under Workmen's Compensation act.* Whether legal evidence is offered to support the decision of the Industrial Board, where such evidence is properly preserved for review, is a question of law, but if there is in the record any legal evidence justifying the finding of the Industrial Board, even though this evidence is controverted, the courts cannot pass upon its weight or sufficiency.

3. SAME—*hauling crushed stone for paving is included in clause 3 of paragraph (b) of section 3 of Compensation act.* A teamster hauling crushed stone for a teaming company which is engaged by another company to haul the stone for paving work is employed in an extra-hazardous occupation under clause 3 of paragraph (*b*) of section 3 of the Workmen's Compensation act, which specifies as

an extra-hazardous occupation "carriage by land or water." (*Uphoff* v. *Industrial Board,* 271 Ill. 312, distinguished.)

4. SAME—*meaning of section 31 of the Workmen's Compensation act, regarding sub-contractors.* Section 31 of the Workmen's Compensation act of 1913, regarding the liability of a principal contractor to the employee of a sub-contractor, makes two classes of such principal contractors liable as employers: one class consisting of those who do not require their sub-contractors to insure against such liability, and another class consisting of those who have entered into a fraudulent scheme or device to evade responsibility to the employee of the sub-contractor; and it cannot be maintained, under this section, that before any such principal contractor can be held liable he must not only fail to require the sub-contractor to insure, but must also attempt, by fraud or trickery, to defeat recovery by the injured employee.

5. SAME—*section 31 of Workmen's Compensation act is not unconstitutional.* Section 31 of the Workmen's Compensation act of 1913 is not unconstitutional, as being an arbitrary classification of persons, on the alleged ground that it sets apart contractors from all other classes of persons and imposes a burden on them if they fail to require sub-contractors to insure, for in view of the public necessities and the end sought to be attained a substantial difference exists between the business of other people and the business in which contractors must be engaged to come within the provisions of the section.

6. SAME—*what is sufficient notice of accident under section 24 of the Workmen's Compensation act.* Section 24 of the Workmen's Compensation act, requiring that notice of an accident must be given the employer within thirty days, must be read in connection with section 31, and if the superintendent and foreman of a principal contractor have actual notice of an injury to an employee of the sub-contractor, the principal contractor is liable without formal written notice.

7. CONSTITUTIONAL LAW—*when a law is uniform and does not arbitrarily classify persons.* The legislature may legally classify persons so long as the law making the classification is general and has some reasonable relation to the end sought, so that the difference between the classes is not a purely arbitrary one, and to be uniform the law need not apply to every person, provided all persons brought within the relation and circumstances provided for are affected alike.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

WILKERSON, CASSELS & POTTER, (RALPH F. POTTER, and KENNETH B. HAWKINS, of counsel,) for plaintiff in error.

AUGUSTINE J. BOWE, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Harry Crampton died in the city of Chicago from injuries received in an accident September 25, 1914. In the course of his employment by the Bessmer Teaming Company, Crampton was driving a two-horse team, hauling a load of crushed stone. While standing up and reaching over to whip the horses he lost his balance, fell under the wheels of the wagon and was killed. The Parker-Washington Company, the plaintiff in error, is a corporation engaged in general contracting work, including street paving and tunneling. September 19, 1914, through its general superintendent, C. G. Larkin, it entered into a contract with the Bessmer Teaming Company under which the teaming company was to haul over 2000 cubic yards of crushed stone from where it was being taken from a tunnel under construction on Seventy-third street, in Chicago, and deliver it for paving purposes on certain streets which were being paved. The Bessmer Teaming Company was a partnership, of which A. W. Kenney was one of the two members. November 16, 1914, the widow, Anna Crampton, filed a claim with the Industrial Board against Kenney, and an award was granted amounting to $2912, but no effort was made to recover thereon, apparently because Kenney was insolvent. January 13, 1915, claim was filed with the Industrial Board by William J. Bowe against the Parker-Washington Company. The board found that said company was at the time of the accident operating under the terms and provisions of the Workmen's Compensation act; that Kenney and J. P. Bessmer were partners and sub-contractors of the Parker-Washington Company at the time

of the accident; that the wages of Crampton were $14 a week; that the accident arose in the course of his employment, and that the Parker-Washington Company was liable, and an award was granted of $2912. This award was reviewed on writ of *certiorari* by the circuit court of Cook county and the finding of the Industrial Board confirmed. From the judgment of the circuit court the Parker-Washington Company sued out this writ of error.

Plaintiff in error has never elected to come within the provisions of the Workmen's Compensation act, neither has it given notice, as provided by the statute, that it would not come under the act, therefore if it is liable here it must be because the occupation, business or enterprise in which it was engaged was extra-hazardous, under clauses 2 and 3 of paragraph (*b*) of section 3 of the act. That section reads, in part, as follows: "The provisions of paragraph (*a*) of this section shall only apply to an employer engaged in any of the following occupations, enterprises or businesses, namely: * * * 2. Construction, excavating or electrical work. 3. Carriage by land or water and loading and unloading in connection therewith." (Laws of 1913, p. 339.)

Plaintiff in error argues that it cannot come within clause 2 as it was not doing any construction work but was merely engaged in hauling crushed stone to the place where another party was doing the construction work. Counsel for plaintiff in error seem to concede that if it was constructing a pavement it would come within the provisions of this clause of the act. The Industrial Board held, in effect, in its finding, that plaintiff in error was paving certain streets, for which the crushed stone was being hauled for a foundation. The contract which plaintiff in error entered into with the Bessmer Teaming Company for this hauling stated, in terms, that the Parker-Washington Company had a contract for paving those streets. Paragraph (*f*) of section 19 of the Workmen's Compensation act makes the decision of the Industrial Board, if it acts within its

powers, in the absence of fraud, conclusive upon the courts. The circuit court and the Supreme Court, in reviewing. a proceeding of this kind, can only review questions of law. Whether legal evidence is offered to support the decision of the board, where such evidence is properly preserved for review here, is a question of law, but if there is competent or legal evidence to support the decision of the board, it is not within the province of the courts to pass upon its weight or sufficiency. (*Munn* v. *Industrial Board, ante,* p. 70; *Victor Chemical Works* v. *Industrial Board, ante,* p. 11.) As there was evidence in this record justifying the finding of the Industrial Board that the plaintiff in error was engaged in construction work, even though this evidence was controverted, we cannot inquire into this question of fact.

We are of the opinion, also, that the occupation, enterprise or business in which plaintiff in error was engaged at the time of the accident if it was not engaged in construction work but only in the hauling of this crushed stone, can fairly be held to come within the provisions of clause 3 of said paragraph (*b*),—that is, that it was engaged in a business or enterprise of carriage by land. The enterprise can not be considered a mere incident to the general business in which plaintiff in error was engaged. It was the business or enterprise itself. The legislature undoubtedly had in mind the danger run by workmen who have to handle property on a large scale in carriage by land or water. This conclusion is not in any way in conflict with the reasoning or finding in *Uphoff* v. *Industrial Board,* 271 Ill. 312. If it was only the hauling of one load of crushed stone by a farmer or business man who was not engaged in construction or contracting work generally, undoubtedly then the proper conclusion would be to hold the hauling of such single load a mere incident to the main business.

If plaintiff in error is liable, it must be held so not only because it comes within the provisions already quoted of said paragraph (*b*), but also within the provisions of sec-

tion 31 of the Workmen's Compensation act, which provides: "Any person, firm or corporation, who undertakes to do or contracts with others to do, or have done for him, them or it, any work enumerated as extra-hazardous in paragraph (*b*), section 3, requiring employment of employees in, on or about the premises where he, they or it, as principal or principals, contract to do such work, or any part thereof, and does not require of the person, firm or corporation undertaking to do such work for said principal or principals, that such person, firm or corporation undertaking to do such work shall insure his, their or its liability to pay the compensation provided in this act to his, their or its employees and any such person, firm or corporation who creates or carries into operation any fraudulent scheme, artifice or device to enable him, them or it to execute such work without such person, firm or corporation being responsible to the employee, his personal representative or beneficiary entitled to such compensation under the provisions of this act, such person, firm or corporation shall be included in the term 'employer' and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of this act." Counsel for plaintiff in error argue that it cannot be liable within the provisions of this section unless it not only has failed to require the sub-contractor to insure, as therein provided, but has also been shown to have entered into a fraudulent scheme, artifice or device, as therein provided. We cannot so hold. The section, in our judgment, clearly states that there are two classes of contractors that are liable: one class consisting of those who do not require sub-contractors to insure, and another class consisting of those who have entered into a fraudulent scheme or device to evade responsibility to the employee. It would certainly be most unreasonable to require that before any contractor could be held under this section he must not only fail to require the sub-contractor to insure, but

must also attempt, by fraud or trickery, to defeat recovery by the employee. The absurdity of such an intention can not be imputed to the legislature.

Counsel further argue that if plaintiff in error is liable under section 31 said section must be held unconstitutional as requiring an unreasonable and arbitrary classification, in that it sets apart contractors from all other classes of persons and imposes a burden upon them if they fail to require sub-contractors to insure, thus arbitrarily distinguishing also one class of contractors from another class. This court has repeatedly held that the legislature may legally classify persons so long as the law making the classification is general and has some reasonable relation to the end sought, so that the difference between the classes is not a purely arbitrary one. (*In re Day,* 181 Ill. 73; *People* v. *Kewanee Light Co.* 262 id. 255, and cited cases.) A law is uniform when all persons brought within the relation and circumstances provided for are affected alike. It is uniform and general, not because it embraces all the governed, but that it may, from its terms, when many are embraced in its provisions, embrace all others who occupy like positions to those who are embraced. (*Ritchie & Co.* v. *Wayman,* 244 Ill. 509; *People* v. *Grover,* 258 id. 124; *People* v. *Vickroy,* 266 id. 384.) It is not necessary that a law, to be general, should apply to every person. Very few laws do so apply. It is general if it acts upon all persons coming within its scope. (*People* v. *Kewanee Light Co. supra.*) While we do not here decide or discuss the question whether only contractors come within the provisions of said section 31, we do hold that if the contention of counsel for the plaintiff in error be correct and only contractors come within the provisions of said section it would not thereby be rendered unconstitutional, for in our judgment, in view of the public necessities and the end sought to be attained, a substantial difference exists between the business of other

people and the business in which contractors must be engaged to come within the provisions of the section.

Counsel for the plaintiff in error further argue that no notice of this accident was given within thirty days, as required by section 24 of the Workmen's Compensation act. That section provides, among other things, that such notice shall be given within thirty days with certain exceptions, and further provides "that the failure on the part of any person entitled to such compensation to give such notice shall not relieve the employer from his liability for such compensation, when the facts and circumstances of such accident are known to such employer, his agent or vice-principal in the enterprise." The evidence in the record shows, without contradiction, that the foreman of plaintiff in error in charge of the work at the place where such crushed stone was delivered was present at the place of the accident at the time or shortly after it occurred, and that the general superintendent of plaintiff in error knew the next morning about the accident, the name of the injured man and how it happened. Counsel do not deny this, but insist that the knowledge of the superintendent or foreman was not such a knowledge as would bind plaintiff in error, apparently arguing that such persons had no control over or direct connection with the employees of said subcontractor. With this we do not agree. Section 24 must be read in connection with section 31. Those who are liable under said section are also liable under section 24 without notice, when the facts and circumstances of the accident are brought to the knowledge of the employer, as provided in the said section. Obviously, the foreman and superintendent of plaintiff in error must be held to be its agent and vice-principal, respectively.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*