THE SUBURBAN ICE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed October 24, 1916.*

1. PRACTICE—*proceeding begun before an amendment of statute, continues, after amendment, according to the new law.* Under the provisions of section 4 of the act relating to the construction of statutes, a proceeding begun under the statute before its repeal, by amendment or otherwise, proceeds in matters of practice, after the repeal takes effect, according to the new law.

2. WORKMEN'S COMPENSATION—*a judgment should be in form provided by amendment of July 1, 1915, although proceeding is begun before.* A judgment in the circuit court in a *certiorari* proceeding under the Workmen's Compensation act begun before the amendment of July 1, 1915, should be in the form provided by the amendment when the judgment is entered after the amendment takes effect, and the court may, upon motion, set aside the judgment entered in accordance with the old law and enter another in conformity with the new law.

3. SAME—*the notice of claim for compensation to be made six months after injury may be verbal.* The Workmen's Compensation act of 1913 does not require that the notice of claim for compensation within six months after the injury must be in writing, as is expressly required of the notice of claim for additional compensation after payments have ceased, and the Industrial Board is not without jurisdiction to consider a claim because of the failure to file a written claim until more than six months have elapsed, where a verbal notice is given within the required time.

4. SAME—*when finding of fact by Industrial Board is conclusive.* Where the Industrial Board specifically finds that the accident which resulted in the employee's injury arose out of and in the course of the employment, such finding is conclusive if there is competent evidence tending to support it.

5. SAME—*when an employee is within protection of act of 1913.* An employer who operates a plant for the manufacture of ice and engages in the sale of ice, coal, coke and wood, and owns and uses several teams for the delivery of the same, is engaged in an extra-hazardous enterprise under the Workmen's Compensation act of 1913, and a teamster employed to deliver ice and coal who is kicked by a horse while feeding a team in the barn where the horses are kept is within the protection of the act.

6. STATUTES—*rule as to construction of statute adopted from another State.* Where a statute is adopted from another State or from Great Britain it will be presumed that the legislature intended it to receive the construction given it by the courts of that State or country unless in conflict with the spirit and policy of this State.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

WAITE & DONOVAN, for plaintiff in error.

CHENEY & EVANS, (F. J. GRIFFEN, of counsel,) for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

October 27, 1914, Blanche C. Gylfe, widow of Albert W. Gylfe and administratrix of his estate, commenced a proceeding before the Industrial Board of Illinois to recover from plaintiff in error compensation for injuries to her husband which resulted in his death April 28, 1914. After a hearing before a committee of arbitration an award of $3500 was granted, which was confirmed by the Industrial Board April 10, 1915. On May 10 of the same year plaintiff in error filed a petition in the circuit court of Cook county for a writ of *certiorari* to review this decision of the Industrial Board. July 16 following, the circuit court found that said board had jurisdiction of the parties and the subject matter and did not exceed its jurisdiction in making its finding and award and thereupon ordered the writ quashed. From that decision plaintiff in error, being unaware of the amendment to the Workmen's Compensation act which took effect July 1, 1915, prayed an appeal to the Appellate Court for the First District, which appeal, on motion of the plaintiff in error, was dismissed January 25, 1916. Thereafter a motion filed by plaintiff in error in the circuit court of Cook county to set aside the order of July 16, 1915, as not being entered in compliance with said

amendment of July 1 to section 19 of the Workmen's Compensation act, was allowed. Later the circuit court entered an order finding that the Industrial Board had jurisdiction of the parties and the subject matter, following the provisions of said amendment of July 1, 1915. This last judgment of the circuit court, and the record upon which it was entered, have been brought to this court by writ of error.

Defendants in error urge that the judgment of July 16, 1915, being in proper form under the common law writ of *certiorari,* was a final and binding judgment and is still in force because the circuit court was without jurisdiction to set aside that judgment after the term had passed. Under the provisions of section 4 of chapter 131 (Hurd's Stat. 1916, p. 2577,) as construed by this court, a proceeding begun under the statute before its repeal, by amendment or otherwise, proceeds in matters of practice, after the repeal takes effect, according to the new law. (*Farmer* v. *People,* 77 Ill. 322.) The judgment of July 16, 1915, having been entered after the amendment of the act of 1913, the judgment of the circuit court should have been entered in the form provided by said amendment of July 1, 1915. The trial court therefore did not err in setting aside the former judgment and entering the judgment in conformity with the provisions of the amended act.

Counsel for plaintiff in error urge that the Industrial Board had no jurisdiction in this case as no written claim for compensation was filed with the Industrial Board within six months from the date of the accident. Section 24 of the act of 1913, which was in force at the time this accident occurred, provided: "No proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident, or in the event that payments have been made under the provisions of this act, unless written claim for compensation has been made within six months after such payments have ceased." (Laws of 1913, p. 351.) The rec-

ord before us shows, without controversy, that the widow in person presented her claim for compensation verbally to the secretary and treasurer of plaintiff in error within about two weeks after the death of her husband but that no written claim was filed with plaintiff in error until more than six months had elapsed after the accident occurred. The provisions of the statute quoted above do not state that a written claim, in the first instance, must be filed. This section of the statute, however, does provide later that if payments have been made under the provisions of the act, then a "written" claim must be made within six months after such payments cease. The requirement that the claim should be written, under the later provisions in this same sentence, would seem to indicate that the legislature did not intend that the claim made within six months of the accident must necessarily be in writing. This provision of the Illinois Compensation act was taken substantially from section 2, paragraph 1, of the British Workmen's Compensation act of 1897, which section was re-enacted in the British Compensation act of 1906, reading as follows: "Proceedings for the recovery under this act of compensation for an injury shall not be maintainable * * * unless the claim for compensation with respect to such accident has been made within six months from the occurrence of the accident causing the injury." In *Powell* v. *Main Colliery Co.* 1900 App. Cas. 366, the injured workman sent an informal written notice to his employer stating that he claimed a certain sum per week as compensation for injuries received at the employer's colliery. It was there held that the claim for compensation need not be in the form required by ordinary legal procedure. Since that decision the courts of that country have held that the notice given the employer by the employee may be verbal and need not be in writing. (*Lowe* v. *Myers & Sons,* (1906) 2 K. B. 265; *Thompson* v. *Goold & Co.* (1910) A. C. 409; *Luckie* v. *Merry,* (1915) 3 K. B. 83.) It has long been a settled rule of construction that

where a statute is adopted from another State or from Great Britain it will be presumed that the legislature intended it to receive the construction given it by the courts of that State or country unless in conflict with the spirit and policy of our laws. (*Tyler* v. *Tyler,* 19 Ill. 151; *People* v. *Griffith,* 245 id. 532, and cited cases.) As the provisions of the British act had been construed as not requiring a written notice of the injury, several years before our legislature enacted the provision of the Workmen's Compensation act here in question, taking it substantially unchanged from the British act, it must be presumed that the legislature intended that the same construction be given it here. We have heretofore so construed this provision of the statute. (*Victor Chemical Works* v. *Industrial Board, ante,* p. 11.) As there is no question that the administratrix made this claim for compensation verbally to plaintiff in error within six months from the date of the injury, the Industrial Board was not without jurisdiction to consider the matter because of the failure to file a written claim until more than six months had elapsed.

The Industrial Board found that the business of plaintiff in error was such as to make it liable under the provisions of the Workmen's Compensation act. Counsel for plaintiff in error insist that the finding was wrong on this point. Plaintiff in error is engaged in the manufacture and sale of ice and in the sale of coal, coke and wood. It has a compression plant for making ice at LaGrange, Cook county, Illinois. This plant contains an engine of about 150 horse power. Located on the same piece of land is an ice storage house and office building, a coal warehouse and a horse barn belonging to plaintiff in error. The horse barn is entirely disconnected from the ice plant. A railroad switch runs by the coal warehouse. Plaintiff in error delivered ice and coal at retail and ice at wholesale by means of horse-drawn trucks. For this purpose it owned and used seven teams, which were kept in said horse barn. Albert

W. Gylfe was a teamster employed by plaintiff in error to deliver ice and coal. At the time of the accident he was feeding a team in the barn when one of the horses kicked him in the head with such violence that he died about three weeks thereafter.

Counsel contend that the accident in this case did not arise out of and in the course of the employment of the person injured, and that for that reason the Industrial Board had no jurisdiction of the case. The team which Gylfe was feeding when the accident took place was a new team which had not been assigned to any of the teamsters. There is testimony in the record that it was the duty of each teamster to feed his own team, only, and no other. There is also testimony to the effect that when a teamster came back to the barn early from the afternoon's work, as Gylfe had done on this occasion, it was his duty to care for any extra horses that might happen to be in the barn. This evidence is sufficient to support a finding that the accident occurred in the course of Gylfe's employment. The Industrial Board specifically found that the accident which resulted in Gylfe's death arose out of and in the course of the employment, and since there is competent and legal evidence to support that finding of fact it is conclusive upon the court. *Parker-Washington Co.* v. *Industrial Board,* (*ante,* p. 498.)

Plaintiff in error had never elected to come under the provisions of the Workmen's Compensation act, and so, if it is to be held liable, it must be because the occupation, business or enterprise in which it was engaged was one of those enumerated in paragraph (*b*) of section 3 of said act. It is conceded by its counsel that in the business of manufacturing ice it was engaged in an occupation, business or enterprise that would bring it under said paragraph (*b*) of section 3, but it is insisted that an individual or a corporation may be engaged in several branches of business, one of which is extra-hazardous and others of which are not even hazardous and therefore not coming within the provisions

of said paragraph (*b*). Here the duties of the deceased required him to work in and around the plant where the ice was manufactured, and included the loading of ice and the care of the horses in a large stable on the premises of plaintiff in error immediately adjacent to the main ice plant. We cannot see how it can fairly be held that the employment in which the deceased was engaged was not a part of plaintiff in error's business or occupation of manufacturing and selling ice. Considered in the most favorable light for plaintiff in error's argument on this point, the work in which the deceased was engaged was a part of the occupation or enterprise of the plaintiff in error. The entire act and its purpose must be considered in order to reach a reasonable conclusion as to the meaning and construction of any of its provisions.

The men in the building of plaintiff in error where the machinery was located and the ice manufactured were certainly within the act. The workmen around the building and caring for the property were within the act. Those whose duties took them to the plant to take away the product were within the act, and we can reach no other conclusion than that the duties of the deceased were of such a nature, so related to and connected with the occupation of plaintiff in error, as to require that plaintiff in error, under the provisions of the Workmen's Compensation act, shall be held liable for the injury.

The reasoning in *Uphoff* v. *Industrial Board*, 271 Ill. 312, does not tend to uphold any such conclusion as is argued here by counsel for the plaintiff in error. On the contrary, the reasoning there is in full harmony with the conclusion already stated as to the proper construction of this act.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*