(No. 10927.)

E. C. GIBSON *et al.* Partners, as THE PEOPLE'S OIL COMPANY, Plaintiffs in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed December 21, 1916.*

1. WORKMEN'S COMPENSATION—*a partnership selling and delivering gasoline comes within the meaning of section 3 of the Workmen's Compensation act.* A partnership engaged in selling and delivering gasoline is engaged in an extra-hazardous occupation within the meaning of section 3 of the Workmen's Compensation act of 1913, and is conclusively presumed to have filed notice of its election to come under the act, as provided in section 2, where no notice of an intention not to come under the act was given.

2. SAME—*an employee injured while driving an empty gasoline wagon after delivering load is within the protection of the statute.* Where an employee returning with an empty gasoline wagon after making a delivery falls from the seat while attempting to raise the canopy top and is killed, the accident is one arising out of his employment in the principal business of his employer, who is engaged in the business of selling and delivering gasoline, and the widow of the deceased is entitled to recover under the Workmen's Compensation act.

FARMER and COOKE, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding.

R. C. NEFF, for plaintiffs in error.

W. B. McBRIDE, for defendants in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

Plaintiffs in error have sued out a writ of error in this case seeking to reverse the judgment of the circuit court of Christian county quashing a writ of *certiorari* issued by that court to review the record and proceedings of the Industrial Board in a proceeding under the Workmen's Compensation act, by which compensation was granted to the defendant in error Anna M. Oats for the death of her husband from injuries received in an accident while in the employ of plaintiffs in error. The errors assigned and argued for reversal are, that the business in which the plaintiffs in error were engaged at the time of the accident was not a business or occupation that comes within the meaning of the Workmen's Compensation act of 1913; that the accident was not one within the provisions of the act and that the Industrial Board was without jurisdiction to apply the act to plaintiffs in error, and that its finding was therefore erroneous and should be held void.

Plaintiffs in error had not filed any notice of an election either to pay compensation according to the provisions of the act or not to pay compensation as provided in the act, and one question is whether plaintiffs in error were engaged in one of the occupations mentioned in paragraph (*b*) of section 3 of the act and conclusively presumed to have filed notice of an election to come under the act, as provided in paragraph (*a*) of section 1. (Laws of 1913, p. 338.)

It is stated in the brief of counsel for plaintiffs in error that the competent evidence in the record tends to prove

that the plaintiffs in error were at the time of the accident, and for several years prior thereto, engaged in selling gasoline; that they had a branch plant at Taylorville, Illinois, and by means of oil wagons and teams and drivers were engaged in delivering gasoline from the plant in Taylorville to various towns in Christian county; that the deceased had been employed by plaintiffs in error for nearly two years, and for at least six months had been driving this particular wagon and team in the delivery of gasoline; that the wagon was practically new and in good repair; that on the morning of the 27th day of October, 1914, deceased was directed by the agent of the plaintiffs in error to take gasoline to the village of Mt. Auburn; that he had delivered the gasoline and was returning to his home in Taylorville about sundown; that he decided to raise the canopy top attached to the seat on the oil wagon, and in doing so he stood upon the foot-board in front of the seat and pulled the top up; that he jerked the top with such force it became detached, broke loose from its fastenings and fell to the side of the wagon, and deceased fell in front of the wagon and behind the mules and was run over by the wagon and injured, and as a result of the injury died.

The decision of the Industrial Board is based on the finding that plaintiffs in error were engaged in an occupation or enterprise mentioned in clause 6 of paragraph (b) of section 3 of the act, being "any enterprise in which explosive materials are manufactured, handled or used in dangerous quantities." It is insisted by counsel for defendants in error that plaintiffs in error are liable under clauses 3, 4, 7 and 8 of said paragraph (b) as well as under clause 6.

There can be no doubt from the provisions of the statute that the plaintiffs in error were engaged in such a business that they were conclusively presumed to have filed notice of their election to come under the act, as provided in section 2. It is practically conceded by counsel for plaintiffs in error that the act would apply if the deceased had

met his death because of a fire or explosion of the highly inflammable and explosive materials he was handling in the course of his occupation. It is contended, however, that the exact occupation of the deceased and his duties in connection therewith were not such as properly come under the act, and it is argued that the duties of the deceased in driving the oil wagon were no different and the dangers no greater than they would have been in driving any kind of a loaded wagon; that there was no danger of an explosion under such circumstances, and that the mere fact that he was engaged in transporting gasoline and coal oil in a large tank wagon from one place to another did not necessarily bring him in the occupation of handling dangerous explosives in large quantities. It is not argued that the classification made by the legislature is unconstitutional or unreasonable. It is true that the accident from which the deceased came to his death did not result from the nature of the product which he carried, and, as contended by counsel for plaintiffs in error, the same accident might have happened if he had been hauling a load of farm products or any other commodity. There is no question but that he was habitually employed, and had been for several months, in driving one of the oil wagons of plaintiffs in error. In *Armour & Co. v. Industrial Board,* 273 Ill. 590, while the exact point raised in this case was not raised or decided, we affirmed the judgment of the circuit court of Cook county affirming a finding and award of the Industrial Board awarding compensation to the widow of a teamster, an employee of the Armour Packing Company, who had died as a result of injuries received from falling from his wagon while delivering goods of his employer. In *Parker-Washington Co. v. Industrial Board,* 274 Ill. 498, it was held, where a teamster employed by a teaming company which had contracted to deliver a quantity of crushed stone to a contracting company engaged in street paving, while standing up and reaching over to whip the horses he was driving lost his balance and

fell under the wheels of the wagon and was killed, that the employer was liable under the Workmen's Compensation act. In *Suburban Ice Co.* v. *Industrial Board,* 274 Ill. 630, we held that where a teamster employed by an ice and fuel company, whose duty it was to deliver ice and fuel and work in and around the place and care for the horses of the company, was kicked by one of the horses and died from the effects thereof, his widow and administratrix could recover under the provisions of the Workmen's Compensation act.

The case of *Uphoff* v. *Industrial Board,* 271 Ill. 312, relied on by counsel for plaintiffs in error, is not contrary to the views herein expressed. In the case of *Vaughan's Seed Store* v. *Simonini,* 275 Ill. 477, it was held that the employee could not recover under the provisions of the Workmen's Compensation act because he was not engaged in that part of the business of his employer that was extra-hazardous, conceding that such business was extra-hazardous. In the case at bar the deceased came to his death, as found by the Industrial Board, through an accident which occurred in the course of and arising out of his employment. Plaintiffs in error were engaged in a business that was extra-hazardous under the act, and the deceased was working for them as a driver of one of their wagons. Such work was necessary in carrying on the principal business of the plaintiffs in error. We think the occupation of the deceased was sufficiently connected with the extra-hazardous business of the plaintiffs in error, and such business being under the act, his widow was entitled to recover under its provisions.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*

FARMER and COOKE, JJ., dissenting.