## Marshal White, by W. E. Knowles, Appellee, v. East St. Louis Railway Company et al., Appellants.

1. WORKMEN'S COMPENSATION ACT, § 12*—*when general demurrer to special plea in action for personal injuries is improperly sustained.* In an action by an employee of an electrical contractor against a railway company to recover for injuries received through colliding with defendant's car as plaintiff was driving his employer's wagon back to the latter's shop after making a delivery for him, it is error to sustain a general demurrer to a special plea setting up, in substance, that both defendant and plaintiff's employer had, prior to the injury, elected to accept the provisions of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*], that plaintiff's injuries were accidental and arose out of and in the course of his employment and not through the negligence of his employer or coemployees but under circumstances creating a legal liability for damages in defendant, and that by virtue of the act the right of plaintiff to maintain an action has been subrogated to his employer.

2. WORKMEN'S COMPENSATION ACT, § 11*—*what constitutes accident arising out of and in course of employment of driver of wagon.* An employee of one conducting a business falling within the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*], is injured by an accident arising out of and in the course of his employment, where the injury was received as he was driving his employer's wagon back to the place of employment after making a delivery for the employer.

3. WORKMEN'S COMPENSATION ACT, § 11*—*when employee protected by.* The Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*] applies to injuries received by the employee of an electrical contractor even though, at the time they were received, the employee was not actually doing electrical work, but was driving the employer's wagon back to his shop after making a delivery for him.

4. APPEAL AND ERROR, § 1097*—*when appellee allowed to file brief nunc pro tunc.* The Appellate Court will, in its discretion, grant the motion of an appellee who has failed to file his brief in time to be allowed to file it *nunc pro tunc.*

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

Barthel, Farmer & Klingel, for appellants.

T. M. Webb, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This was a suit instituted by appellee, Marshal White, a minor, by W. E. Knowles, his next friend, against East St. Louis Railway Company, St. Louis & East St. Louis Electric Railway Company and the East St. Louis & Suburban Railway Company, to recover damages for personal injuries sustained on the 18th day of March, 1914. The East St. Louis & Suburban Railway Company was dismissed out of the suit during the trial.

Appellee was employed by H. C. Windt, an electrical contractor doing business in East St. Louis under the name of the Acme Electric Company. On the occasion in question, he had gone to St. Louis in a one-horse wagon to make a delivery for his employer and was returning by way of the Eads bridge. There are two street railway tracks on this bridge, one on the north side and one on the south and between them is a space reserved for vehicle traffic. It seems that at the time in question eastbound traffic used the north side of the bridge and westbound the south. Appellee was nearing the Illinois end of the bridge when an eastbound car overtook him. The rear step of the car struck the wagon, throwing appellee out and under a transfer wagon going west. The rear wheel of this transfer wagon ran over appellee's left leg, below the knee, breaking it. Appellants claim, appellee failed to turn far enough away from the track to permit the car step to pass the wagon. Appellee claimed he could turn no further away on account of the heavy transfer wagon approaching from the east.

There were two counts in the declaration. Appellants pleaded the general issue and a special plea subsequently amended, based upon sections 6 and 29 of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(6), (29)]. The allegations of the amended special plea so far as material here were "for a further plea in this behalf filed by leave of court first had and obtained, defendants say that the plaintiff ought not to have his aforesaid action against them, the defendants, or either of them, because they say that on and prior to the date when the plaintiff received his injuries, as alleged in the plaintiff's declaration and each count thereof, to wit, on the 18th day of March, A. D. 1914, H. C. Windt, who was then and there doing business in the name of the Acme Electric Company, was then and there engaged in the business of doing electrical work in the State of Illinois, and the said H. C. Windt, on and prior to the date when the plaintiff received his injuries described in his said declaration, as aforesaid, had elected to provide and pay compensation for accidental injuries sustained by his employees, arising out of and in the course of their employment, according to the provisions of the statute of the State of Illinois then in force, entitled, 'An Act to promote the general welfare of the People of this State, by providing compensation for accidental injuries or death suffered in the course of employment within this State'; providing for the enforcement and administering thereof, and a penalty for its violation, and repealing an Act entitled 'An Act to promote the general welfare of the People of this State, by providing compensation for accidental injuries or death suffered in the course of employment,' approved June 10, 1911, in force May 1, 1912; that the plaintiff was then and there an employee of the said H. C. Windt, doing business as the Acme Electric Company, and was engaged in the service of said H. C. Windt in and about his said busi-

ness of doing electrical work, and was not then and there an employee or engaged in the service of these defendants, or either of them; that the injuries sustained by the plaintiff, as alleged in his said declaration, were accidental injuries, and then and there arose out of and in the course of his employment with said H. C. Windt, doing business as the Acme Electric Company; that the plaintiff's said injuries were not proximately caused by the negligence of his employer, the said H. C. Windt, or by the employees of said H. C. Windt, or any of them, and said injuries were caused under circumstances which create a legal liability for damages in these defendants; and these defendants further aver that they and each of them on and prior to the time when the plaintiff received his injuries, as alleged in his said declaration, to wit, on March 18, 1914, were corporations engaged in the business of carriage by land, and loading and unloading in connection therewith, in the State of Illinois, and that they and each of them on, to wit, the 18th day of March, 1914, and prior thereto, had also elected to be bound by the terms and provisions of the act aforesaid.

"Wherefore, these defendants, and each of them, say that by virtue of said statute, the right of the plaintiff to maintain his aforesaid action against these defendants and each of them has been subrogated to said H. C. Windt, and the plaintiff has no right of action in this behalf, and this these defendants, and each of them, is ready to verify; wherefore, they and each of them pray judgment whether the plaintiff ought to maintain his aforesaid action against them or either of them," etc. A general demurrer to this plea was sustained and appellants elected to abide by their plea. The case was tried upon the declaration and the general issue, and a verdict returned for appellee for $1,750. This appeal is prosecuted to reverse the judgment rendered on that verdict.

The first question which confronts us upon an examination of this record is whether the court below properly sustained the general demurrer to appellants' amended special plea. It is the contention of appellee that it was necessary for appellants, in order to avail themselves of the provisions of the Workmen's Compensation Act, to state in their plea facts with regard to appellee's occupation and the electrical work which constituted the extrahazardous business in which his employer was engaged, from which it would appear that appellee was, at the time of his injury, engaged in the carrying on of the electrical work of his employer and not in some other work which, though connected with the employer's business, was not its electrical work and not extrahazardous; that the ultimate fact which should have been pleaded was not the employment but the character of the employment in its relation to the extrahazardous enterprise. The doctrine contended for by appellee, while it includes in the main a correct theory of the law, appears to us to be carried somewhat to an extreme, not altogether justified by the decisions of our Supreme Court upon which he relies. In the case of *Gibson v. Industrial Board of Illinois*, 276 Ill. 73, relied upon by appellee, the employee for whose death damages were sought to be recovered, was engaged in delivering gasoline, an extrahazardous occupation within the meaning of the Workmen's Compensation Act, and while returning with an empty gasoline wagon, after making a delivery, fell from his seat in attempting to raise a canopy top on the wagon and was killed. The court, in determining whether the deceased's work was such as to bring him within the act, said: "Plaintiffs in error were engaged in a business that was extrahazardous under the act, and the deceased was working for them as a driver of one of their wagons. Such work was necessary in carrying on the principal business of the plaintiffs in error. We

think the occupation of the deceased was sufficiently connected with the extrahazardous business of the plaintiffs in error, and such business being under the act, his widow was entitled to recover under its provisions.'' Other cases relied upon by appellee are discussed by the Supreme Court in the case above referred to as follows: ''In *Armour & Co. v. Industrial Board of Illinois*, 273 Ill. 590, while the exact point raised in this case was not raised or decided, we affirmed the judgment of the Circuit Court of Cook county affirming a finding and award of the Industrial Board awarding compensation to the widow of a teamster, an employee of the Armour Packing Company, who had died as a result of injuries received from falling from his wagon while delivering goods of his employer. In *Parker-Washington Co. v. Industrial Board of Illinois*, 274 Ill. 498, it was held where a teamster employed by a teaming company which had contracted to deliver a quantity of crushed stone to a contracting company engaged in street paving, while standing up and reaching over to whip the horses he was driving lost his balance and fell under the wheels of the wagon and was killed, that the employer was liable under the Workmen's Compensation Act. In *Suburban Ice Co. v. Industrial Board of Illinois*, 274 Ill. 630, we held that where a teamster employed by an ice and fuel company, whose duty it was to deliver ice and fuel and work in and around the place and care for the horses of the company, was kicked by one of the horses and died from the effects thereof, his widow and administratrix could recover under the provisions of the Workmen's Compensation Act.''

It is interesting to note in this connection that in *Vaughan's Seed Store v. Simonini*, 275 Ill. 477 [14 N. C. C. A. 1075], our Supreme Court has held that section 3 of the Workmen's Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(3)] refers to the business and not to the person of the employer and where, as

in that case, an employer is engaged in two kinds of business, one of which is extrahazardous under the provisions of the act and the other does not come within the act at all, that the mere fact that the employer is conducting both, does not entitle an employee, who is engaged at work in that business not covered by the act, to avail himself in case of injury of the provisions of the Workmen's Compensation Act. In the plea in question it is stated that the employer H. C. Windt was doing business in the name of Acme Electric Company and "was then and there engaged in the business of doing electrical work"; also that plaintiff was an employee of Windt and "was engaged in the service of said H. C. Windt in and about his said business of doing electrical work"; further, "that the injuries sustained by the plaintiff, as alleged in his said declaration, were accidental injuries, and then and there arose out of and in the course of his employment with said H. C. Windt." The declaration, which must be read in connection with the plea, stated the circumstances under which the injury occurred and the business in which appellee was engaged at the time. It clearly appears from the plea and the declaration that appellee's employer as well as appellants were engaged in lines of business which brought them under the provisions of the Workmen's Compensation Act; that appellee at the time of the injury was directly engaged in assisting his employer to carry on the business in which he was engaged. We therefore conclude that the court below erred in sustaining appellee's demurrer to appellants' special plea.

It is said by counsel for appellants that, upon the argument of the demurrer in the trial court, the point relied upon by appellee was that the Workmen's Compensation Act does not, under any circumstances, deprive a person who is injured through the negligence of one not his employer from maintaining an action

against the party who injured him and cannot be impleaded in bar to such a suit. However that may be, it appears that since that time an opinion has been filed in the case of *Keeran v. Peoria, B. & C. Traction Co.,* 277 Ill. 413, which has disposed of this question in a manner contrary to appellee's contention. For the error of the court below in sustaining the demurrer to appellants' amended plea, the judgment will be reversed and the cause remanded.

Appellee failed to file his brief in the time required by the rules of this court, although the time was extended to give him further opportunity to do so. He subsequently filed a motion for leave to file his brief and argument *nunc pro tunc,* which motion was taken with the case. While we are averse to relaxing our rules in this regard, yet the circumstances were such that we concluded to permit appellee's brief to be filed as requested, and we have considered the same fully in passing upon the case.

*Reversed and remanded.*