## James L. Righthouse, Appellant, v. Peoria Railway Company, Appellee.

### Gen. No. 6,447.

1. Workmen's Compensation Act, § 5*—*when action on case does not lie against third party.* Where an employee, his employer and a negligent third party are all subject to the Workmen's Compensation Act of 1913, there can be no recovery in an action on the case against such third party for injuries to the employee from such negligence.

2. Workmen's Compensation Act, § 4*—*what constitute carriage by land or water and loading and unloading in connection therewith.* Hauling coal or ice about a city for delivery by an employee to his employer's customers is, within section 3 of the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(3)], as "carriage by land or water and loading and unloading in connection therewith."

3. Workmen's Compensation Act, § 2*—*when acceptance of does not affect liability of negligent third person.* An employee and his employer cannot, after an injury to the employee, place themselves under the Workmen's Compensation Act of 1913 so as to affect either the rights or the liabilities of a third party who caused the injury.

Appeal from the Circuit Court of Peoria county; the Hon. John M. Niehaus, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 16, 1917.

Dailey & Miller and Robert N. McCormick, for appellant.

Page, Hunter & Page, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Righthouse sued the Peoria Railway Company in an action on the case and filed a declaration containing an original count and additional counts, in which he charged that while he was driving an ice wagon across

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a street car track of defendant in the exercise of due care, defendant's employees negligently drove a street car against the ice wagon and plaintiff was thrown out and injured. The negligence was differently described in various counts. The trial court overruled a demurrer by plaintiff to an amended second additional plea and to a fifth additional plea. Plaintiff elected to abide by said demurrer and a judgment in bar was entered against him, from which he appeals. For brevity counsel have called these the first and second pleas, and, as they are the only pleas in the record before us, we use the same designation.

The first plea alleged that defendant was under and bound by the Workmen's Compensation Act of 1913 [Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*] and the amendments thereto; that plaintiff, when injured, was in the employment of Off Bros. Coal Company, a partnership, and was performing his duties as such employee when he was injured; that said employers were then in the retail coal and ice business and employed plaintiff in said business to each day load a wagon to be drawn by two horses with coal or ice, and with said wagon so drawn to deliver said coal or ice to the customers of said employers at places in and about Peoria, and to unload said coal or ice from said wagon at the place of delivery, and that plaintiff was also the driver and in charge of said team and wagon when so delivering said coal or ice; that the injuries sustained by plaintiff arose out of and in the course of said employment; that said employers had not prior to the time of said injuries to the plaintiff filed with the Industrial Board any notice of their election not to provide and pay compensation according to the provisions of said statute, and said employers were therefore at the time of said injuries bound by the terms and provisions of said statute; that defendant had not, prior to said injuries, filed any such notice, and it was therefore bound by the act;

that said plaintiff had not prior to said injuries filed any notice with the Industrial Board of his election to reject the provisions of said statute, and he was therefore at the time of said injuries bound by all the provisions of said statute, and has since sustaining said injuries received from said employers compensation for said injuries according to said statute. The substance of these averments is that the plaintiff and his employers and the defendant were all under the act and that plaintiff was injured while engaged in the 'employment of hauling coal or ice about the city for delivery to customers of his employers. The main question is whether this was ''carriage by land or water and loading and unloading in connection therewith,'' within the meaning of section 3 of the statute [Callaghan's 1916 St. Supp. ¶ 5475(3)]. In *Armour & Co. v. Industrial Board of Illinois,* 273 Ill. 590, an employee of Armour & Company was driving a team with a load of freight, which was being hauled from the plant of Armour & Company at the Union Stockyards, Chicago, for delivery down town and with orders to bring back a load of freight from a certain warehouse. A recovery by the administrator of the deceased employee before the Industrial Board under the Workmen's Compensation Act was sustained. In *Parker-Washington Co. v. Industrial Board of Illinois,* 274 Ill. 498, the Parker Company, engaged in general contracting work, had a contract with the Bessmer Teaming Company to haul 2,000 cubic yards of crushed stone from one place to another in Chicago and to deliver it 'at the latter place for paving purposes. While an employee was driving a 2-horse team hauling a load of crushed stone, he fell under the wheels of the wagon and was killed, and a claim was afterwards filed under this statute; and under certain provisions of the act it was necessary that the business in which deceased and his employer were engaged must have been extrahazardous and must have been

"carriage by land or water and loading and unloading in connection therewith." It was held that this enterprise of delivering crushed stone was not a mere incident to the general business of the employer, but that it was the business or enterprise of carrying by land, and that the employer was liable under the Compensation Act. In *Suburban Ice Co. v. Industrial Board of Illinois,* 274 Ill. 630, the Suburban Ice Company was engaged in the manufacturing and sale of ice and in the sale of coal, coke and wood. The company delivered ice and coal at retail and ice at wholesale by means of horse-drawn trucks and used teams which it kept in a horse barn. Gylfe was a teamster employed by the company to deliver ice and coal and was feeding a team in the barn when one of the horses kicked him in the head with such violence that he died 3 weeks thereafter. The court held the evidence sufficient to support a finding that the accident occurred in the course of Gylfe's employment and that this employment was a part of the company's business of occupation of manufacturing and selling ice; that the duties of deceased were so connected with the occupation of the company as to make the provisions of this statute applicable. So far the cases cited have been against the employer. In *Keeran v. Peoria B. & C. Traction Co.,* 277 Ill. 413, the suit, like the one before us, was against a third party. This was an action on the case brought by the administratrix of the estate of James A. Keeran, deceased, against the traction company to recover damages for the death of her decedent caused by the negligence of the traction company. The traction company filed special pleas in which it was alleged in the first plea that the deceased was in the employ of a certain partnership, in the second plea that he was in the employ of a certain other partnership, and in the third plea that he was in the employ of both partnerships; that the traction company was under the Workmen's Compensa-

tion Act; that said respective employers were under the act, and that the occupation in which he was engaged for said employers was extrahazardous, and that in fact all three parties, employee, employer and the traction company, were under the act. It is clearly implied there, if not directly held, that these pleas would have been a complete defense to that action on the case if they had not been defective in failing to show what his duties were or how he was engaged at the time he was hurt, and in failing to show that he was actually engaged in his employment or in an extrahazardous occupation for his employers when he was injured. It was there said: "The two sections, when construed together, must be regarded as meaning that no common law or statutory right to recover damages for any accidental injury arising out of and in the course of his employment shall be available to any employee, either against his employer or against any third person whose negligence may have occasioned the injury, where such person had also elected to be bound by the act, the employer in such case being subrogated to the right of the employee or his personal representative to recover, and the amount of the recovery being limited to the aggregate amount of compensation payable under the act." This case seems to be express authority for holding that where, as here, the employee, employer and the negligent third party are all under the act, there can be no recovery in an action on the case for the injuries resulting from such negligence. Since the cause was submitted, appellant has called our attention to *Hochspeier v. Industrial Board of Illinois,* 278 Ill. 523. We find nothing in that case to conflict with the authority above cited or to show that defendant here is liable in an action on the case. It is there held that an undertaker, who lets a car to another undertaker to carry passengers at a funeral is not engaged in "carriage by land," nor in "an extrahazardous occupation." It is manifest under the foregoing decisions

that there is a clear distinction between that case and the present. Plaintiff relies principally upon what is said in *Uphoff v. Ind strial Board of Illinois*, 271 Ill. 312 [13 N. C. C. A. 8( ]. The question before the court for decision in that ase related to a person engaged in building a shed on a farm. It was there implied by way of illustration that "carriage by land" would not include hauling of grain by team and wagon from a farm to an elevator. This language is explained in *Parker-Washington Co. v. Industrial Board of Illinois, supra,* as meaning that the mere hauling of a single such load would be a mere incident to the business of farming and therefore not covered by the act.

The second plea sought to establish a case where the railway company was under the act, but neither the plaintiff nor his employers were under the act at the time he was injured, but it alleged that after the injury the plaintiff claimed of his employers compensation under the statute, and his employers paid him compensation in accordance with the terms and provisions of the statute, and plaintiff received and retained such compensation, and thereby before he began the suit elected to be bound by the statute. We are of opinion that plaintiff and his employers could not after the injury place themselves under the act as to this injury, so as to affect either the rights or the liabilities of the railway company. We are of opinion that *Simpson Construction Co. v. Industrial Board of Illinois,* 275 Ill. 366, is not in point. There the proceeding was begun before the Industrial Board by Mustaccio against his employers for compensation under the act and the question whether they were in fact under the act was not raised or discussed, and we do not understand that case to mean that because Mustaccio claimed compensation under the act and his employer paid it for a time that placed them under the act. But, even if that was meant, we are of opinion that it would not affect either rights or liabilities of a third person, who caused the injury. We are

therefore of opinion that the demurrer should have been sustained to the second plea.

But we hold the first plea good and, as it presents a complete defense to the action, the judgment is affirmed.

*Affirmed.*

Niehaus, J., took no part.