(No. 12532.—Judgment affirmed.)

THE JOSEPH HALSTED COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM C. HARTRAY, Admr., Defendant in Error.)

*Opinion filed April 15, 1919.*

1. WORKMEN'S COMPENSATION—*decision of the commission as to weight of evidence is not subject to review by courts.* The decision of the Industrial Commission on questions of fact is conclusive where there is legal evidence tending to sustain the finding, even though the commission may have fallen into error in determining the weight of the evidence.

2. SAME—*Industrial Commission should weigh all the evidence.* As the burden of proof is on the claimant it is the duty of the Industrial Commission to consider all the evidence produced and decide according to its preponderance and not base its decision solely on evidence in favor of the claimant.

3. SAME—*actual notice of accident will satisfy statute.* Where the employer has actual notice of the accident at the time it occurs and of the circumstances under which it occurs, such notice is all that the Workmen's Compensation act requires.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

BURT A. CROWE, for plaintiff in error.

C. HELMER JOHNSON, (THOMAS H. MURRAY, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

John Engelin, an employee of the Joseph Halsted Company, while engaged at his work on June 18, 1914, fell on a cement sidewalk and sustained a fracture of the skull, from which he died on the same day. A petition for an award of compensation was filed with the Industrial Board on December 8, 1914, and the committee of arbitration made a finding adverse to the petitioner. Upon review the Industrial Board made an award of compensation, which

the circuit court upon a writ of *certiorari* reversed, remanding the cause to the Industrial Board. The board again made an award of compensation, which the circuit court affirmed, and the Joseph Halsted Company prosecutes this writ of error.

The plant of the Joseph Halsted Company is on the south side of Randolph street, in Chicago. Andrew Schnabel, a fellow-employee, called Engelin out of the shop to help move a stair-rail which was alongside the fence near the building but not on the walk. Schnabel went out first and Engelin followed him. Frederick Seymour, a stockholder and director of the Joseph Halsted Company, was going up the steps to the plant. L. J. Williams, an employee, was out on the sidewalk in front of the shop cutting channel iron. There was a grating between the sidewalk and the fence, leaning against the fence and tied to it but not on the sidewalk. Schnabel stooped and took hold of the rail, expecting Engelin to take the other side. He turned and saw Engelin reel and fall to the sidewalk. Engelin fell in the middle of the walk, which was six feet wide, and he was not near the grating when he fell. Seymour heard the noise of the fall and turned and saw Engelin' lying on the sidewalk. There was blood on the sidewalk. His feet were toward the outer edge of the sidewalk, his body slanting in a northeasterly direction. His hands were so tightly clenched that his fingers had to be pried open. Williams saw Engelin after Seymour had got to and had hold of him. His head was bleeding and he was frothing at the mouth. Engelin was an epileptic, subject to frequent and sudden attacks on the street or elsewhere and had at one time been in an insane asylum. The coroner's jury found that his skull was fractured as a result of falling from epilepsy and striking his head on the sidewalk. None of these witnesses saw the beginning of the fall.

William Strauch, a machinist, testified that he was unemployed on June 18, 1914, and was looking for work.

He passed the plant of the Joseph Halsted Company in the afternoon, and when about thirty or forty feet away he saw two men come out of the shop, turn west and walk a couple of steps. One of them stumbled against a grate three or four feet square, which was lying up against the building and extended out about a foot and a half. The man tripped over the grate, threw up his arms to balance himself, wheeled around and fell on his back. Strauch did not have time to stop and went right on, but he saw two men come out of the shop, pick up the fallen man and carry him in. On Thanksgiving day Strauch called at the house of Engelin's son, who told Strauch about his father being killed and how it happened, and Strauch then told Engelin's son that Strauch was right there and saw the accident.

It is contended for the plaintiff in error that the testimony of Strauch is improbable and incredible, and it is argued that the rule which requires the applicant to produce evidence fairly tending to show an accidental injury arising out of and in the course of the employment applies not only to the testimony of a single witness but must take into consideration all the evidence in the case, and the court must determine whether or not the evidence, as a whole, fairly tends to support the finding of the Industrial Commission. We have held many times that where there is legal evidence tending to sustain the commission's finding its decision is conclusive. Whether the commission has fallen into error or not in determining the weight of the evidence, its decision is not subject to review by the courts. No mistake, however gross it may seem, in deciding upon the preponderance of the evidence can be corrected by the courts, for the reason that no jurisdiction has been conferred upon the courts for that purpose, but, on the contrary, that power has been expressly denied. The testimony of a witness which is contrary to a known natural law will be rejected, but the mere improbability of its truth or its repugnance to other evidence does not authorize us

to say that the commission should have disregarded it, when the legislature has conferred the power to decide that question upon the commission and has denied it to us. The fact that there is some legal evidence sustaining the issue on the part of the claimant is not sufficient to justify an award by the commission unless the greater weight of all the evidence is in his favor, for the burden of proof is on the claimant, and it is the duty of the commission to consider and weigh all the evidence produced and decide according to its preponderance. The court, however, can consider only the evidence favorable to the claimant, and if the record contains evidence which fairly tends to support his claim the finding in his favor is conclusive. The testimony that Engelin stumbled over the grate as he was going to pick up the stair-rail tends to show the occurrence of an accident arising out of and in the course of his employment, and we are precluded from considering the evidence tending to a different conclusion.

The plaintiff in error contends that it did not have notice of an accidental injury within thirty days, as required by the Workmen's Compensation act. The accident happened at the plant of the plaintiff in error, and one of its directors who was within a few feet came instantly, lifted Engelin up partly, helped carry him in the shop and sent him to the hospital. The contention of the plaintiff in error is that the circumstances all indicated that the injury to the deceased was caused by an epileptic attack and did not arise out of his employment and that it had no notice of facts or circumstances tending to show an accidental injury. The plaintiff in error had notice of the accident resulting in Engelin's death at the time and of the circumstances under which it occurred, and this is all the statute requires. *Parker-Washington Co.* v. *Industrial Board,* 274 Ill. 498; *Joliet Motor Co.* v. *Industrial Board,* 280 id. 148.

*Judgment affirmed.*